# EXHIBIT 2

FILED: NEW YORK COUNTY CLERK 03/13/2019 05:30 PM        INDEX NO. 152689/2019
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 03/13/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| MAIE IBRAHIM, | Index No. |
| Plaintiff, | |
| -against- | |
| | **SUMMONS** |
| FIDELITY INVESTMENTS, INC., | |
| Defendant. | |

To the above named Defendant:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis for the Venue designated is CPLR §503(a), as it is the county in which Defendant resides.

Dated: March 13, 2019
      New York, New York

Respectfully Submitted,

**LEVINE & BLIT, PLLC**

Justin S. Clark, Esq.
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 4020
New York, NY 10118
Phone: (212) 967-3000
Fax:   (212) 967-3010
jclark@levineblit.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

MAIE IBRAHIM,

   Plaintiff,

-against-

FIDELITY INVESTMENTS, INC.,

   Defendant.

---

Index No.

**COMPLAINT**

Plaintiff, MAIE IBRAHIM ("Ms. Ibrahim" or "Plaintiff"), by and through her attorneys, Levine & Blit, PLLC, complaining of Defendant Fidelity Investments Inc. ("Fidelity" or "Defendant"), hereby alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this civil action to remedy Defendant's unlawful and discriminatory employment actions taken against Plaintiff, including hostile work environment harassment based upon sex, discrimination based upon sex resulting in constructive discharge, and retaliation resulting in constructive discharge in violation of the New York City Human Rights Law ("NYCHRL").

2. Plaintiff seeks equitable and legal relief in the form of declaratory relief; injunctive relief; monetary damages for past and future economic losses; compensatory damages, including, but not limited to, emotional distress, mental anguish, and humiliation; punitive damages; reasonable attorney's fees; costs of this action; and any such other and further relief deemed just and equitable.

### JURISDCTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to CPLR § 301.

1

4. Venue is proper in this Court pursuant to CPLR § 503.

5. Plaintiff filed a Charge with the Equal Employment Opportunity Commission on March 9, 2018.

6. Plaintiff received her Notice of Right to Sue dated February 20, 2019 from the Equal Employment Opportunity Commission on February 25, 2019.

**PARTIES**

7. Ms. Ibrahim is thirty-eight (38) year-old Muslim woman residing in the County of Nassau, State of New York.

8. Upon information and belief, Fidelity is a multinational financial services corporation duly organized and existing in the State of Massachusetts conducting business in the State of New York, County of New York.

9. Ms. Ibrahim was employed by Defendant at first in their Garden City, New York branch for three and half years located at 1130 Franklin Avenue, Garden City, NY 11530.

10. Plaintiff was then employed in their New York, New York branch located at 330 Park Avenue S., New York, New York 10010 until the end of her employment.

11. At all times relevant to this action, Defendant was an "employer" within the meaning of all relevant state and local statutes.

12. At all times relevant to this action, Ms. Ibrahim was an "employee" of Defendant within the meaning of all relevant state and local statutes.

13. At all times relevant to this action, Brian Steck ("Steck") served Defendant in the capacity of "Manager" at the Garden City branch and held a position of authority over Ms. Ibrahim in her employment at Fidelity.

2

FILED: NEW YORK COUNTY CLERK 03/13/2019 05:30 PM
NYSCEF DOC. NO. 1

INDEX NO. 152689/2019
RECEIVED NYSCEF: 03/13/2019

14. At all times relevant to this action, Roger Young ("Young") served Defendant in the capacity of "Senior Vice President" for Fidelity's fixed income market and held a position of authority over Ms. Ibrahim in her employment at Fidelity.

15. At all times relevant to this action, Elliot Wiesen ("Wiesen") served Defendant in the capacity of "Manager" at the Manhattan branch and held a position of authority over Ms. Ibrahim in her employment at Fidelity.

16. At all times relevant to this action, Ms. Ibrahim was qualified to hold her position of employment with Defendant through her knowledge, education, training, experience, and/or qualifications.

## FACTUAL ALLEGATIONS

17. In or about December 2011, Ms. Ibrahim commenced her employment with Defendant as an Investment Consultant in their Garden City branch.

18. Ms. Ibrahim worked in Defendant's Garden City branch for approximately three and a half years.

19. During her employment in the Garden City branch, Ms. Ibrahim worked under the supervision of Steck.

20. Steck served Defendant in the capacity of Manager.

21. In or about August 2013, Plaintiff requested from Steck to take a day off so that she can observe a religious holiday.

22. Steck was then aware that Ms. Ibrahim was Muslim.

23. Shortly thereafter, Steck commenced his acts of discrimination.

24. Steck engaged in discriminatory conduct by forcing Ms. Ibrahim to change her time sheets to show that she took lunch when she did not.

25. In addition, Steck forced Ms. Ibrahim to stay in the office during a fire evacuation.

26. Steck further discriminated against Ms. Ibrahim by discouraging her to apply for a promotion within Fidelity, which was located in Manhattan.

27. Steck discriminated against Ms. Ibrahim by informing Ed Monaco, a manager in Defendant's Manhattan location, that Ms. Ibrahim had no interest working in Manhattan.

28. However, that was untrue, as Ms. Ibrahim was very interested in the promotion and had communicated that to Steck, who in turn told her that she was not ready for a promotion.

29. As a result, a male applicant who was not as qualified as Ms. Ibrahim, received that promotion.

30. In or about March 2014, Steck became aware that Ms. Ibrahim was engaged.

31. Again, he continued to discriminate against Ms. Ibrahim by telling her that she might want to look at other career opportunities since her priorities were about to change.

32. Afterwards, Ms. Ibrahim attempted to make several complaints to human resources regarding Steck.

33. However, human resources told Ms. Ibrahim to speak with her manager.

34. Human resources failed to further assist Ms. Ibrahim regarding that matter.

35. Defendant failed to take any remedial and/or corrective action to remedy the unlawful discrimination and retaliation taken by Steck against Ms. Ibrahim, despite the fact that Ms. Ibrahim had complained about these issues.

36. In or about July 2015, Plaintiff was promoted to Financial Consultant in Defendant's Manhattan office.

37. In or about September 2016, Ms. Ibrahim attended a fixed income event with Young at the Harvard Club.

FILED: NEW YORK COUNTY CLERK 03/13/2019 05:30 PM
NYSCEF DOC. NO. 1

INDEX NO. 152689/2019
RECEIVED NYSCEF: 03/13/2019

38. Young served Defendant in the capacity of Senior Vice President for Fidelity's fixed income markets.

39. Afterwards, Ms. Ibrahim along with Young and about 30 other employees of Fidelity went to a hotel bar near the event.

40. Ms. Ibrahim and Young discussed business matters for about 30-40 minutes.

41. Thereafter, Young commenced his act of sexual harassment by putting his hand under Ms. Ibrahim's skirt, rubbing her thighs and then proceeded to touch her genitals and buttocks.

42. When Young's colleague approached them, Young stopped.

43. Due to the failure of human resources for Fidelity to intervene in prior issues involving discrimination and harassment, Ms. Ibrahim did not raise a complaint at first with human resource because they would not be of any help or assistance.

44. In or about September 2015, Wiesen, a branch manager in the Manhattan location, began to sexually harass Ms. Ibrahim.

45. Wiesen subjected Ms. Ibrahim to constant discrimination and harassment based upon sex until she could not endure it any longer and was compelled to resign her position with Defendant in or about April 2018.

46. Wiesen would constantly come by Ms. Ibrahim's office and ask her to go out for lunch, in which she declined.

47. In addition, Wiesen would instant message Ms. Ibrahim on several occasions to get coffee, in which she also declined.

48. Ms. Ibrahim was aware that he was not asking her other colleagues out for lunch or coffee.

FILED: NEW YORK COUNTY CLERK 03/13/2019 05:30 PM
NYSCEF DOC. NO. 1

INDEX NO. 152689/2019
RECEIVED NYSCEF: 03/13/2019

49. Wiesen further harassed Ms. Ibrahim by telling her, "Your husband will need to learn to cook for himself, you'll need to be staying late with me."

50. In addition, he constantly commented on Ms. Ibrahim's appearance with regards to her outfit, hair, and nails.

51. On one occasion, during a team meeting, he told Ms. Ibrahim that she looked better than the financial consultant she was replacing.

52. He further engaged in harassing conduct by telling her that his genitals worked at a meeting.

53. In early 2017, Wiesen became aware that Ms. Ibrahim and her husband were attempting to conceive a child.

54. Thereafter, Ms. Ibrahim experienced a reduction on lead flows and time spent with clients.

55. In or about August 2017, Wiesen asked Ms. Ibrahim to identify her goals in her personal life as part of a Fidelity employee goals setting and evaluation.

56. Ms. Ibrahim's goals included starting a family by having children.

57. Shortly thereafter, Wiesen discriminated against Ms. Ibrahim by putting her on multiple written warnings.

58. Wiesen also informed Ms. Ibrahim that in order for her to be successful he would put her on a performance review.

59. During a meeting, he indicated that she will not be employed shortly after she told him she planned on starting a family.

FILED: NEW YORK COUNTY CLERK 03/13/2019 05:30 PM  INDEX NO. 152689/2019
NYSCEF DOC. NO. 1  RECEIVED NYSCEF: 03/13/2019

60. However, the harassing and discriminatory conduct did not end there, as Wiesen continued to give Ms. Ibrahim multiple written warnings, and even a corrective action claiming it was for her poor job performance.

61. Ms. Ibrahim complained to Human Resources multiple times regarding the harassment and discrimination she was enduring, but they failed to remedy the situation.

62. On or about October 19, 2017, Ms. Ibrahim made a written complaint to Human Resources regarding the constant discrimination and harassment she was enduring at work.

63. On or about November 15, 2017, Wiesen retaliated against Ms. Ibrahim by continuing to give her written warnings.

64. Ms. Ibrahim continued to make complaints to human resources regarding Wiesen's discriminatory and retaliatory conduct; however, Defendant has failed to take any appropriate remedial action.

65. Instead, Defendant has required Ms. Ibrahim to meet individually more often with Wiesen in order to make her uncomfortable and attempt to force her resignation.

66. Ms. Ibrahim's complaints about these meetings have been ignored without remedy.

67. On or about April 12, 2018, Ms. Ibrahim made another written complaint to Abby Johnson, CEO of Fidelity, regarding the constant discrimination and harassment she was enduring at work.

68. Still, Human Resources did not intervene and took no steps to remedy the harassment or retaliation.

69. In April 2018, Wiesen purposefully directed an angry and threatening customer, who was not a client of Ms. Ibrahim, into her office while she was working.

FILED: NEW YORK COUNTY CLERK 03/13/2019 05:30 PM
NYSCEF DOC. NO. 1

INDEX NO. 152689/2019
RECEIVED NYSCEF: 03/13/2019

70. Ms. Ibrahim could no longer endure the constant harassment and discrimination she was being subjected to by her branch manager Wiesen.

71. As a result, on or about April 25, 2018, Ms. Ibrahim was constructively discharged by Defendant.

### FIRST CAUSE OF ACTION AGAINST DEFENDANT
### (Hostile Work Environment based upon Sex in Violation of the NYCRHL)

72. Plaintiff repeats, realleges, and reiterates each and every allegation contained in paragraphs 1 through 71 as if fully set forth herein.

73. Pursuant to the unlawful acts and practices alleged above, Defendant intentionally created a hostile work environment for Plaintiff due to her sex wherein she was treated less favorably than other similarly situated employees of Defendant due to, at least in part, her sex.

74. Defendant was aware that Plaintiff was being subjected to a hostile work environment due to her sex but continued to allow such practice to continue.

75. As a direct and proximate result of the Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to, humiliation, embarrassment, stress and anxiety, and loss of reputation, for which she is entitled to an award of compensatory damages.

76. Defendant's unlawful actions constitute malicious, willful, and wanton violations of the NYCHRL, and were done with knowing or reckless disregard for Plaintiff's civil rights, for which Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION AGAINST DEFENDANT
(Discrimination based upon Sex in Violation of the NYCHRL)

77. Plaintiff repeats, realleges, and reiterates each and every allegation contained in paragraphs 1 through 76 as if fully set forth herein.

78. Plaintiff is and was a member of the protected class.

79. Defendant was aware that Plaintiff was a member of the protected class

80. Pursuant to the unlawful acts and practices alleged above, Plaintiff suffered an adverse employment action through reduced leads and constructive discharge.

81. These adverse actions arose under circumstances demonstrating that discrimination based upon sex was at least a motivating factor in Defendant's conduct, because Plaintiff's direct manager made sexual advances towards Plaintiff which were denied and made comments indicating that her sex was a factor in her career opportunities and ability to maintain employment.

82. As a direct and proximate result of the Defendants' unlawful discriminatory conduct, Plaintiff has suffered, and continues to suffer, past and future economic losses, and severe mental anguish and emotional distress, including but not limited to, humiliation, embarrassment, stress and anxiety, and loss of reputation, for which she is entitled to an award of compensatory damages.

83. Defendants' unlawful and discriminatory actions constitute malicious, willful, and wanton violations of the NYCHRL, and were done with knowing or reckless disregard for Plaintiff's civil rights, for which Plaintiff is entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT
(Retaliation in Violation of the NYCHRL)

84. Plaintiff repeats, realleges, and reiterates each and every allegation contained in paragraphs 1 through 83 as if fully set forth herein.

85. Plaintiff engaged in a protected activity by complaining to Defendant, about past and on-going sexual harassment and discrimination based upon sex.

86. Plaintiff suffered a adverse action when Wiesen gave Plaintiff unjustified written warnings and corrective actions, reduced her leads, and when Plaintiff was constructively discharged from her employment with Defendant.

87. A causal connection exists between Plaintiff's protected activity and Defendant's materially adverse action taken against Plaintiff, as demonstrated by the on-going animus between the parties, Defendant's human resources inaction despite knowledge of the complaints, Defendant requiring more one-on-one time between Plaintiff and her harasser despite knowledge of her complaints of sexual harassment, and the temporal proximity of the materially adverse action to the protected activity, as alleged herein.

88. As a result of Defendant's retaliatory acts, Plaintiff has suffered, and continues to suffer, past and future economic losses; and severe mental anguish and emotional distress, including but not limited to, humiliation, embarrassment, stress and anxiety, and loss of reputation, for which she is entitled to an award of compensatory damages and other relief.

89. Defendant's unlawful and retaliatory actions constitute malicious, willful, and wanton violations of the NYCHRL, and were done with knowing or reckless disregard for Plaintiff's civil rights, for which Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendant containing the following relief:

(a) An Order declaring that Defendant have violated the anti-harassment, anti-discrimination, and anti-retaliation provisions of the NYCHRL;

(b) An Order enjoining the Defendant from engaging in the unlawful conduct alleged here;

(c) An Order awarding monetary damages for the past and future economic losses suffered by Plaintiff as a result of Defendant's unlawful conduct;

(d) An Order awarding monetary damages to Plaintiff to compensate her for the severe emotional distress, mental anguish, humiliation, and loss of reputation, suffered as a result of Defendant's unlawful actions;

(e) An Order awarding punitive damages to Plaintiff in an amount to be determined by the trier of fact;

(f) An Order awarding Plaintiff her reasonable attorney's fees;

(g) An Order awarding Plaintiff her costs of this action; and

(h) Any such other or further relief deemed just and equitable.

Dated: March 13, 2019
New York, New York

LEVINE & BLIT, PLLC

_____
Justin S. Clark
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 4020
New York, NY 10118
Tel. (212) 967-3000
jclark@levineblit.com

NYSCEF
New York County Supreme Court

**Document List**
**Index #   152689/2019**

Created on:04/29/2019 03:45 PM

Case Caption:   **Maie Ibrahim v. Fidelity Investments, Inc.**
Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | Processed | 03/13/2019 | Clark, J. |